UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. WEIL,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | CASE NO. C12-1333JLR<br><br>ORDER ON A CIVIL CASE |

### I. INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 18)), and Mr. Weil's objections thereto (Obj. (Dkt. # 19)). Having carefully reviewed all of the foregoing, all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 18) and DISMISSES this case with prejudice.

ORDER- 1

## II.     BACKGROUND

Michael Weil seeks review of the Social Security Administration's denial of his disability insurance benefits claim. (Compl. (Dkt. # 3).) On June 12, 2009, Mr. Weil filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income disability payments. (Tr. (Dkt. # 12) at 21, 75-78, 149-58.) After a hearing, in a decision dated April 1, 2011, the Administrative Law Judge ("ALJ") found that Mr. Weil was not disabled as defined in the Social Security Act. (*Id.* at 21, 28.) The Appeals Council denied Mr. Weil's request for review (*id.* at 1-6), and as a result, the ALJ's decision is Mr. Weil's final decision regarding his alleged disability subject to judicial review. 20 C.F.R. § 422.210(a).

The Social Security Commissioner utilizes a five step sequential evaluation process in determining whether a claimant is disabled and qualifies for benefits. *See* 20 C.F.R. § 404.1520 (2012). Step one considers whether the claimant is engaged in "substantial gainful activity." *See* 20 C.F.R. § 404.1520(a)(4)(i). The ALJ determined that Mr. Weil was not engaged in substantial gainful activity. (Tr. at 23.) Step two considers the medical severity of a claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant does not have a "severe impairment," then they are not disabled and the evaluation ends. *Id.* If the claimant has any "severe medically determinable physical or mental impairment," then the Commissioner continues onto step three of the evaluation. *Id.* Here, the ALJ determined that Mr. Weil had the severe impairment of mild degenerative disc disease with mild congenital narrowing of the central spinal canal. (Tr. at 23.) Step three considers whether the claimant's

ORDER- 2

impairment(s) match an enumerated list of impairments qualifying the claimant as disabled. 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ determined that Mr. Weil did not have an impairment or combination of impairments that met or equaled a listed impairment. (Tr. at 25.)

A claimant who does not pass step three may nevertheless make out a *prima facie* case of disability by proving, at step four, that he or she is unable to perform his or her past work. *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). Step four assesses a claimant's residual functional capacity ("RFC") to determine if the claimant is able to perform his or her past work. 20 C.F.R. § 404.1520(a)(4)(iv). If a claimant is able to perform his or her past work, the Commissioner denies the application. *Id.* Here, the ALJ determined that Mr. Weil had the RFC to perform light work: he could lift and carry 20 pounds occasionally and 10 pounds frequently; he could sit, stand, or walk about 6 hours, except that Mr. Weil was limited to occasional balancing, stopping, kneeling, crouching, and crawling. The ALJ further determined that Mr. Weil can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. (Tr. at 26.) In making the RFC determination, the ALJ considered all of Mr. Weil's symptoms and activities insofar as they could be reasonably accepted as consistent with the objective medical evidence and other evidence, as well as the opinion evidence of both Mr. Weil's treating physician Dr. Adam Balkany and the physician employed by State Disability Determination Services. (*Id.* at 26-29.) Based on Mr. Weil's RFC, the ALJ determined that Mr. Weil is able to perform his past relevant work as a fast-food manager. (*Id.* at 28.) Having made this finding, the ALJ did not address the fifth and final step—

ORDER- 3

determining whether Mr. Weil is able to perform other work. (*See generally* Tr.; 20 C.F.R. § 404.1520(a)(4)(v).)

Mr. Weil alleges that the ALJ erroneously found that Mr. Weil is not disabled as defined by the Social Security Act. (Compl. (Dkt. # 3) at 1.) Mr. Weil specifically contends that the ALJ erred by (1) rejecting treating physician Dr. Balkany's opinions; (2) giving significant weight to non-examining doctor Howard Platter's opinions; and (3) making step four findings not supported by substantial, relevant evidence. (*See generally* Pl. Op. Br. (Dkt. # 15).) Mr. Weil seeks review of the ALJ's findings and asks that they be reversed and set aside, and disability benefits allowed. (Compl. at 2.) In the alternative, Mr. Weil asks that the court remand to the ALJ for a new hearing. (*Id.*)

Magistrate Judge Tsuchida recommends affirming the ALJ's decision and dismissing the case with prejudice. (R&R at 1, 8.) Judge Tsuchida found that although two of the four reasons given by the ALJ in rejecting Dr. Balkany's opinions were proper, the other two reasons given by the ALJ for rejecting Dr. Balkany's opinions were not. (*Id.* at 3-5.) Specifically, Judge Tsuchida affirmed the ALJ's findings that Dr. Balkney's opinions were (1) inconsistent with his own treatment notes and (2) inconsistent with Mr. Weil's daily activities. (*Id.* at 3-4.) Judge Tsuchida, however, rejected the ALJ's determination that Dr. Balkney's opinions were unsupported by the MRI and lacked explanation. (*Id.* at 3-4.) Judge Tsuchida nevertheless determined that the ALJ's two errors were harmless because the ALJ's ultimate determination that Mr. Weil not disabled remained adequately supported by substantial evidence. (*Id.* at 5 (citing *Baston v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).)

Judge Tsuchida also found that the ALJ did not err in crediting the opinion of Dr. Howard Platter, the nonexamining doctor employed by State Disability Determination Services over the opinion of treating physician Dr. Balkney. Judge Tsuchida explained that the ALJ properly discounted Dr. Balkney's opinions as inconsistent with his own treatment notes and inconsistent with Mr. Weil's daily activities manifested in the record. (R&R at 5-7.)

Finally, Judge Tsuchida recommends upholding the ALJ's step four finding that Mr. Weil can perform his past work. (*Id.* at 7-8.) Judge Tsuchida reiterated that the ALJ properly evaluated the medical evidence to conclude that Mr. Weil had the RFC to perform light work. Judge Tsuchida then determined that even if the ALJ erred in finding that Mr. Weil could perform his past work as a fast-food manager, such error was harmless because the ALJ also found that Mr. Weil could perform work as a fast-food manager as such is work is "generally performed." (*Id.* at 7 (citing Tr. at 17, 29).)

### III. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

## IV. DISCUSSION

Mr. Weil's first objection to the Report and Recommendation is that the ALJ erred in its treatment of Dr. Balkany's opinions regarding Mr. Weil's disability. (Obj. at 1-5.) Mr. Weil asserts that the ALJ erred in rejecting treating physician Dr. Balkany's opinions that Mr. Weil's RFC was more limited compared to the findings of the ALJ. (*Id.*) Although Mr. Weil agrees with the Report and Recommendation's specific findings that the ALJ made two errors in evaluation of Dr. Balkany's opinions, Mr. Weil specifically objects to other portions of the Report and Recommendation. Mr. Weil contends that the ALJ made three additional errors regarding Dr. Balkany's opinions: (1) the ALJ was incorrect to reject Dr. Balkany's opinion due to internal inconsistencies with his own treatment notes; (2) the ALJ did not apply the treating-physician rule vis-à-vis Dr. Balkany's opinion; and (3) the ALJ failed to address Dr. Balkany's expertise in pain management. (*Id.* at 5-7.) Mr. Weil also objects to the Report and Recommendation's conclusion that any errors of the ALJ were harmless. (*Id.* at 4-5, 7.)

Mr. Weil's second objection is that the ALJ erred—as did the Magistrate in so recommending affirmation—by relying on non-examining physician Dr. Platter's opinion over the opinion of treating specialist Dr. Balkany. Specifically, Mr. Weil contends that (1) the ALJ did not evaluate Dr. Platter's opinion as required by 20 C.F.R. § 404.1527(c)(3); (2) the Magistrate misstated Mr. Weil's position regarding Dr. Platter's

expertise[1]; and (3) the Magistrate failed to address that Dr. Platter did not consider certain evidence, including Dr. Balkany's opinions. (Obj. at 7-9.)

None of Mr. Weil's objections as to the ALJ's findings and conclusions regarding Mr. Weil's physical impairments raise any novel issues that were not addressed by Judge Tsuchida's Report and Recommendation. Moreover, the court has thoroughly examined the Report and Recommendation in light of the record and finds it logical, persuasive, and free of legal error. Although Mr. Weil may disagree with the ALJ's conclusions, his objections do not justify rejecting the ALJ's conclusions.

An ALJ may reject a treating doctor's uncontradicted opinion only for "clear and convincing reasons," and only for "specific and legitimate reasons" where contradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). An ALJ does this by providing a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 49 F.3d 625, 632 (9th Cir. 2007) (citation omitted).

As an initial matter, Judge Tsuchida applied the correct standard of review with respect to whether any error by the ALJ was harmless. Mr. Weil contends that the ALJ's two errors, as determined by the Magistrate Judge, are not harmless because "[a]

---

[1] According to Mr. Weil, the Magistrate stated Mr. Weil's position as that Dr. Platter was not "competent because not a specialist," whereas Mr. Weil's accurate position is that no record evidence demonstrates that Dr. Platter has relevant expertise. (Obj. at 8.)

reasonable ALJ who properly evaluated Dr. Balkany's opinions could agree with those opinions. (Obj. at 4 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[W]e hold that where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.")).) This is the wrong test. The test in *Stout* applies when the ALJ fails to consider certain relevant testimony. *See Stout*, 454 F.3d at 1056. In this case, as the Magistrate Judge properly explained, the ALJ considered the opinions of both Dr. Balkany and Dr. Platter, and the record evidence regarding Mr. Weil's symptoms and activities, and simply disagreed with Dr. Balkany's opinion based on the record as a whole. In such circumstances, the standard for harmless error is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessary reach the same result on remand." *Carmickle v. Commissioner of Social Sec. Admin.*, 553 F.3d 1155, 1163 n.4 (9th Cir. 2008.)

Applying the proper standard, Judge Tsuchida determined that because two of the four reasons given by the ALJ for rejecting the opinion of Dr. Balkany remained valid and the ultimate ALJ conclusion was supported by substantial evidence in the record, the errors by the ALJ were harmless. (R&R at 5.) An ALJ may reject a doctor's opinions when they are inconsistent with the doctor's own treatment notes. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Judge Tsuchida correctly points out that the ALJ found that that Dr. Balkany's opinion was "internally inconsistent with treatment notes that

show only some limitations in range of motion and pain on palpitation." (R&R at 3; Tr. at 28.) Mr. Weil contends that Judge Tsuchida erred as a matter of law by failing to consider the declaration of Dr. Balkany submitted to the Appeals Council, which according to Mr. Weil demonstrates that the ALJ was incorrect in rejecting Dr. Balkany's opinion as inconsistent. Although Mr. Weil is correct that the court may consider evidence which was considered but rejected by the Appeals Council to determine whether the ALJ's decision remains supported by substantial evidence, *Ramierez v. Shalala*, 8 F.3d 1449, 1451-55 (9th Cir. 1993), Mr. Weil points to nothing demonstrating that the ALJ erred in rejecting Dr. Balkany's opinion as inconsistent with Dr. Balkany's own internal notes. (*See generally* Obj.)

Judge Tsuchida also correctly determined that the ALJ rejected Dr. Balkany's opinion as "inconsistent with the claimant's daily activities as previously described." (R&R at 4; Tr. at 28.) The ALJ extensively examined the evidence regarding Mr. Weil's symptoms and activities. (Tr. at 26-29.) The ALJ found that Mr. Weil was able to care for his daughters, ages 4 and 7, for 50% of the time, maintains his household by doing the cooking, cleaning, and shopping, and care for his disabled mother 20 hours a week. (R&R at 4; Tr. at 24, 26, 27.) Mr. Weil does not contest the ALJ's factual findings and has not shown that the ALJ erred in finding that Mr. Weil's daily activities are inconsistent with Dr. Balkany's opinions. (*See generally* Obj.) Judge Tsuchida correctly recites the legal principal that a material inconsistency between a doctor's opinion and a claimant's admitted level of daily activities is grounds to reject a treating doctor's opinion. (R&R at 4-5 (citing *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)).)

ORDER- 9

Accordingly, Judge Tsuchida correctly ruled that the ALJ did not err in rejecting Dr. Balkany's opinions on the grounds that his opinions were inconsistent with Mr. Weil's daily activities.

Based on the foregoing, the court concludes that the ALJ properly rejected treating physician Dr. Balkany's opinions by providing a detailed and thorough summary of the facts and conflicting evidence, interpreting the facts and evidence, and making findings. The court further concludes that, despite the ALJ's errors cited by Judge Tsuchida, the ALJ's remaining reasoning and ultimate determination regarding Mr. Weil's RFC and disability are adequately supported by substantial evidence in the record. Accordingly, any error on the part of the ALJ is deemed harmless. Moreover, having determined that the ALJ was on solid ground in rejecting treating physician Dr. Balkany's opinions, Mr. Weil's remaining arguments regarding the ALJ's rejection of Dr. Balkany's opinions—that the ALJ did not apply the treating-physician rule vis-à-vis Dr. Balkany's opinions and that the ALJ failed to address Dr. Balkany's expertise in pain management—necessarily fail.

For similar reasons, Mr. Weil's arguments that the ALJ erred in crediting non-examining physician Dr. Platter's opinions over Dr. Balkany's opinions lack merit. With extensive analysis of the record evidence, the ALJ credited Dr. Platter's opinions because they were consistent with Mr. Weil's symptoms and activities. (Tr. at 26-29 ("[The conclusions of Dr. Platter] are from reviewing sources, are based on objective medical findings, and are supported by rational analysis.").) As Judge Tsuchida correctly recites, opinions of nonexamining physicians may also serve as substantial evidence when the

opinions are consistent with independent clinical findings or other evidence in the record. (R&R at 6 (citing *Thomas v. Barnhard*, 278 F.3d 947, 957 (9th Cir. 2002).) Accordingly, the ALJ properly credited Dr. Platter's opinions and rejected Dr. Balkany's opinions. Moreover, because the ALJ properly credited Dr. Platter's opinions based on the record evidence, Mr. Weil's specific attacks on the ALJ's rationale with respect to Dr. Platter are unfounded.[2]

In sum, the court concludes that substantial evidence supports the reasoning and ultimate determination regarding disability of the ALJ. Consistent with the foregoing analysis, the court adopts the Report and Recommendation (Dkt. # 18) of Magistrate Judge Tsuchida.

## V. CONCLUSION

The court, after careful consideration of the Mr. Weil's complaint, the parties' briefs, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Mr. Weil's objections to the Report and Recommendation, and the balance of the record, hereby ORDERS as follows:

(1) Consistent with the foregoing analysis, the court ADOPTS the Report and Recommendation (Dkt. # 18);

//

//

//

---

[2] Likewise, because the ALJ properly credited Dr. Platter's opinions, whether or not the Magistrate misstated Mr. Weil's position regarding Dr. Platter's expertise is irrelevant.

1     (2) The court AFFIRMS the decision of the Commissioner in this case; and

2     (3) The court DIRECTS the Clerk to send copies of this Order to Plaintiff, to

3 counsel for respondent and to Magistrate Judge Brian A. Tsuchida.

4     Dated this 5th day of June, 2013.

JAMES L. ROBART
United States District Judge